UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**MICHEAL J. JOHNSON**                                    **CIVIL ACTION NO.**

**VERSUS**                                                **20-73-JWD-EWD**

**COMMISSIONER OF SOCIAL SECURITY**

**RULING AND ORDER**

Micheal Johnson ("Plaintiff"), who is representing himself, has failed to prosecute his social security disability appeal. Therefore, this action shall be dismissed without prejudice on the Court's own motion under Fed. R. Civ. P. 41(b).

**I.   BACKGROUND**

On February 6, 2020, Plaintiff filed his Complaint, on a form document, against the Commissioner of Social Security.[1] The Complaint provides no details of Plaintiff's claims, but the pre-populated information on the Complaint form states that "plaintiff complains of a decision which adversely affects the plaintiff in whole or in part. The decision has become the final decision of the Commissioner for purposes of judicial review …." Presumably, Plaintiff seeks judicial review of the denial of an application for Social Security benefits.

On February 3, 2020, the Court granted Plaintiff's application to proceed without prepaying the filing fee (*in forma pauperis)* and ordered the Clerk of Court to issues summonses to the Commissioner of Social Security, the office of the U.S. Attorney for the Middle District of Louisiana ("USAO"), and the Attorney General for the United States ("USAG"). Plaintiff was ordered to complete a U.S. Marshal Form 285 for each of them so that the U.S. Marshal Service ("USMS") could serve the summonses.[2] Summonses were issued that same day, and the Court

---

[1] R. Doc. 1.
[2] R. Doc. 3.

issued a scheduling order.[3] Relevant here, the scheduling order provided that Plaintiff's Memorandum in Support of Appeal was to be filed within sixty (60) days after filing of the notice and administrative record by the Commissioner.[4] On May 4, 2020, the Commissioner filed the administrative record in this case.[5] Because Plaintiff did not timely file the Memorandum in Support of Appeal, on December 7, 2020 the Court issued an Order requiring Plaintiff to appear and show cause why his claims should not be dismissed.[6] The show cause hearing was held via videoconference on December 29, 2020. On December 23, 2020, Plaintiff filed a Motion for Extension of Time to Answer, requesting additional time to file his supporting memorandum "due to the Global Pandemic Covid-19 which as a result leads to the clos[ing] of the United States District Court building on the Middle District of Louisiana and its Public Viewing Room and no public access."[7] Plaintiff appeared for the hearing, and the Commissioner was represented by counsel.[8] As explained to Plaintiff, at the time of the show cause hearing, the Court's public viewing room was open (and had been since at least October 1, 2020) on weekdays from 8:00 a.m. until noon and 1:00 p.m. until 4:30 p.m.,[9] but public printing was unavailable at that time.[10] During the show cause hearing, Plaintiff also told the Court that he "sent a letter about his appeal to the Court."[11] Plaintiff said the letter listed several medical conditions that he claimed prevent him from

---

[3] R. Docs. 4-5. The Notice of Electronic Filing for the Scheduling Order generated by the Court's CM/ECF system reflects that a copy of the Scheduling Order was sent to Plaintiff at his address of record.
[4] R. Doc. 5.
[5] R. Doc. 9.
[6] R. Doc. 10.
[7] R. Doc. 13.
[8] R. Doc. 15.
[9] *See, e.g.*, Administrative Order Nos. 2020-1 – 2020-9, related to the Covid-19 pandemic. Due to the ongoing Covid-19 pandemic, the courthouse, including the public viewing room, was closed to the public from March 2020 to September 30, 2020. From October 1, 2020 to late November 2020, the courthouse was open to the public, and persons who visited the public viewing room could view and print records, subject to their payment of applicable printing charges. The courthouse was closed to the public again from late November 2020 to early December 2020 but reopened to the public on December 7, 2020. While persons visiting the public viewing room could view records, they were unable to print these records at the time. According to the Clerk's office, printing of records was to become available in the public viewing room again on January 11, 2021, subject to the payment of applicable printing charges.
[10] *Id*.
[11] After some discussion, it was determined that the letter to which Plaintiff was referring was dated June 20, 2020 and attached to the Motion. *See* R. Doc. 13-1.

working.[12] Notwithstanding the letter, Plaintiff asked for additional time to file a more complete memorandum supporting his appeal. The Court granted that request and Plaintiff was advised that his memorandum must, at a minimum, explain how the Defendant's final decision is wrong, along with his factual and legal arguments about why it is wrong. Plaintiff expressed his understanding.[13] Although during the hearing the Court only granted Plaintiff an additional thirty (30) days to file his Memorandum in Support of Appeal, upon further consideration in the minutes of the hearing, the Court gave Plaintiff an additional sixty (60) days from January 11, 2021—or until March 12, 2021—to file and serve his Memorandum in Support of Appeal. The Commissioner was also ordered to email a copy of the administrative record to Plaintiff for easier access. Plaintiff was cautioned at the show cause hearing that, if he was unable to file his Memorandum in Support of Appeal within the additional time granted, he needed to file a motion explaining why he cannot meet the deadline *before the expiration of the deadline* or it would be recommended that Plaintiff's claims be dismissed. The case was stayed and administratively closed by the Court, with the stay to be lifted when Plaintiff filed his supporting memorandum.[14]

On January 13, 2021, Plaintiff sent a letter to the Court, explaining his ongoing problems accessing the Court's Public Viewing Room to review the administrative record.[15] The Court set a telephone conference to discuss the issue.[16] Before the scheduled conference, on January 22, 2021, the Commissioner filed a Notice of Compliance, detailing the Commissioner's efforts to provide Plaintiff with a copy of the administrative record, culminating in Plaintiff acknowledging receipt of an encrypted CD on January 15, 2021.[17] Plaintiff also confirmed receipt of the CD and

---

[12] The letter recounts certain medical conditions but does not explain how or why Plaintiff believes the Commissioner's decision was wrong.
[13] R. Doc. 15.
[14] *Id.*
[15] R. Doc. 18.
[16] R. Doc. 19.
[17] R. Doc. 20.

his ability to access the administrative record at the telephone conference.[18]  At the conference, Plaintiff was given a further extension, until March 12, 2021 to file his supporting memorandum.

On March 1, 2021, Plaintiff requested still more time to file his Memorandum in Support of Appeal because of his pro se status and an unforeseen winter storm.[19]  On March 5, 2021, the court granted Plaintiff's Motion, extending the deadline for the supporting memorandum to March 26, 2021 and advising Plaintiff that no additional extensions of time would be granted.[20] To date, Plaintiff has never filed his Memorandum in Support of Appeal.

**II.    LAW AND ANALYSIS**

Fed. R. Civ. P. 41(b) provides:

> (b) Involuntary Dismissal; Effect. If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b)…operates as an adjudication on the merits.

A district court may dismiss a case on its own motion under Rule 41(b) with or without notice to the parties.[21]

Social Security appellants are required to explain their grounds for appeal in the briefs required by the Court's scheduling order.[22]  Plaintiff's failure to submit a brief is a failure to follow Court orders and to prosecute this action, which has been pending for over three years.  Dismissal is particularly appropriate where, as here, Plaintiff was given multiple extensions of time to file a supporting memorandum.  Not only has Plaintiff failed to file the required brief, but Plaintiff has

---

[18] R. Doc. 21.
[19] R. Doc. 23.
[20] R. Doc. 24.
[21] *See Boudwin v. Graystone Ins. Co.,* 756 F.2d 399, 401 (5th Cir. 1985) ("Fed. R. Civ. P. 41(b) authorizes the district court to dismiss a claim for failure of prosecution. Although the rule speaks of dismissal pursuant to a motion by the defendant a district court may dismiss *sua sponte,* with or without notice to the parties. This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases.") (citing *Link v. Wabash Railroad Co.,* 370 U.S. 626, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962)).
[22] *Arceneaux v. Comm'r, Soc. Sec. Admin.,* No. 07-1341, 2008 WL 2676819, at *1 (W.D. La. June 5, 2008).

not filed anything into the record or otherwise taken any action to advance his case since the final motion for an extension of time to file the Memorandum in Support of Appeal was filed on March 1, 2021.[23]

### III. CONCLUSION

As Plaintiff has failed to submit his appeal brief and prosecute his claims as required by the Court's Scheduling Order, and as he has been warned that failure to do so might result in dismissal of his claims, dismissal without prejudice is appropriate in this case.[24]

Accordingly,

**IT IS ORDERED** that, pursuant to Fed. R. Civ. P. 41(b) all claims of Plaintiff Micheal Johnson are **DISMISSED WITHOUT PREJUDICE** and this matter is **TERMINATED** due to Plaintiff's failure to prosecute his case and failure to follow court orders, including failure to file is memorandum in support of his Social Security disability appeal.

**IT IS FURTHER ORDERED** that the Clerk of Court shall serve this Ruling and Order on Plaintiff Micheal Johnson via regular and certified mail, return receipt requested, at his address listed on PACER, 857 N. 10th Street, Port Allen, Louisiana 70767.

Signed in Baton Rouge, Louisiana, on  July 24, 2023  .

**JUDGE JOHN W. deGRAVELLES**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[23] R. Doc. 23.
[24] *See James v. Soc. Sec. Admin.,* No. 19-265, 2020 WL 4253210, at *1-2 (S.D. Miss. July 24, 2020) (dismissal without prejudice of Social Security disability appeal due to the plaintiff's failure to file her brief, despite notice and orders to show cause) and *Arceneaux*, 2008 WL 2676819 at *1-2 (recommending dismissal of Social Security appeal due to the plaintiff's failure to file her appeal brief) and *see id.*, No. 07-1341 (W.D. La. July 2, 2008) at R. Doc. 13 (order adopting report and recommendation).

5